**Stefanus Surya VIRGO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–72441.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

Edward C. Durant, Esquire, Kurt B. Larson, Esquire, Joan H. Hogan, Esquire, Linda S. Wendtland, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Stefanus Surya Virgo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the IJ's finding that Virgo did not establish past persecution. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). Furthermore, the evidence does not compel a finding of a well-founded fear of future persecution because, although Virgo is a member of a disfavored group, he did not demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Substantial evidence further supports the IJ's well-founded fear finding because Virgo's family members continue to live in Indonesia without serious harm. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir. 2001).

Because Virgo failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence also supports the IJ's determination that Virgo is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**